CASEY & HOLTHAUS v. GAFFNEY et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2819. Decided May 24, 1926

755. MECHANIC'S LIENS—1. Foreclosure of a mechanic's lien is a chancery case and is appealable.

2. The party in whose favor judgment is rendered in such a proceeding may be allowed, at the discretion of the court, attorney fees, to be paid out of the fund realized for claimants.

HAMILTON, J.

The petition of the firm of Casey & Holthaus was for judgment for labor and materials on a building contract and foreclosure of a mechanic's lien. The Southwestern Mtge. Co. and the Big Four Building & Savings Co. were made defendants, who in turn set up and claimed a first mortgage lien. The Big Four Co. was found to have the best lien and received full payment of its claim upon sale. The Mortgage Co. was found to have a second lien; and out of the proceeds of the sale there remained $3077.07 with which to satisfy its $10,-000.00 claim.

Counsel for Casey in their foreclosure suit applied to the court for allowance of attorney fees to be paid out of the proceeds; and an allowance of $1200 was made. From that part of the judgment rendered in the Hamilton Common Pleas, in favor of the Southwestern Mortgage Co., Casey moved to dismiss the appeal as not being a chancery case; that their action was for a money judgment and foreclosure of mechanic's liens; that the foreclosure was purely statutory and an action at law from which no appeal would lie.

The Mortgage Co. contends that foreclosure of mechanic's liens is a chancery case and an appeal from allowance of attorney fees was proper. The Court of Appeals held:

1. An order fixing compensation of a receiver is a chancery case and appealable. 95 OS. 333.

2. In Holwell v. Schraden, 96 OS. 599 the Court of Appeals held that the foreclosure of a mechanic's lien was an action at law. On review the Supreme Court reversed the Court of Appeals with instructions to overrule the motion to dismiss.

3. Casey & Holthaus contend that they are entitled to attorneys fees by reason of 8323 GC. which provides that "When judgment shall be rendered in such proceeding in favor of the parties succeeding therein, the court may at its discretion allow reasonable attorney fees, to be paid out of funds realized by lien claimants."

4. In this case no judgment was rendered in favor of the parties claiming the mechanic's lien and no fund had been realized for them. The proceeds of the sale were only sufficient to pay the first mortgage lien and a small portion of the second mortgage lien.

5. Under these facts there is no basis for th eclaim of Casey & Holthaus under 8323 GC.

6. Counsel for plaintiffs are not entitled to an award of fees to be paid out of the funds in court and a decree in favor of the Mortgage Co. is granted.

Decree accordingly.

Attorneys—Miller & Elston for Casey et; Powell Crosley for Co.; all of Cincinnati.