Jones, J.
 

 The Union Trust Company filed an action in the court of common pleas seeking to recover a judgment upon a promissory note of certain of the defendants and to have its mortgage upon their property foreclosed. Taylor, the principal defendant in the action, filed his answer and cross-petition, denying the allegations of the plaintiff’s petition because of want of knowledge; he also set forth in his cross-petition a judgment procured by him against the mortgagors on July 19, 1927, and alleged that his judgment was prior to the mortgage of the trust company filed for record in the following October, and prayed for a marshaling and determination of priority of liens. Thereupon the trust company replied to Taylor’s cross-petition and alleged that the loan secured by its mortgage was advanced to the mortgagors in payment and satisfaction of their two recorded mortgages, one held by the Woodland Bank and the other by one Kaplan, both of which liens
 
 *413
 
 were recorded prior to the time Taylor secured his judgment lien. It further alleged that it advanced the money in satisfaction of these two prior mortgages in reliance upon the mortgagors.’ representation that these two mortgages were the only incumbrances upon the property, and with the understanding that the trust company was to have the first and best security upon the premises for its loan; that, when it made such advancements, and discharged the two prior mortgages, it knew of no other incumbrances upon the property and believed that it was securing the first and best lien thereon. The reply asks for foreclosure and equitable relief, and asks that it may be subrogated to the rights and preferences of said two mortgages to the extent that the money advanced by it went to their satisfaction and discharge. The trial court found in favor of the trust company as to the amount due, but held adversely to its claim of subrogation.
 

 From this decree, denying subrogation, the trust company .appealed the case to the Court of Appeals, and probably out of precaution it also carried the ease to that court on error. While both cases were pending, and before the hearing of either, Taylor filed his motion to dismiss the appeal upon the ground that the case was not appealable. Without hearing the motion to dismiss the appealed case, the record discloses that the court proceeded to hear the error case and affirmed the trial court, and upon the day of affirmance it dismissed the appeal case at the cost of the appellant, thereby sustaining a motion of Taylor, the appellee, asking its dismissal upon the ground that the case was not appealable.
 

 Section 6, Article TV, of the Constitution, pro
 
 *414
 
 vides: “The courts of appeals shall have * * # appellate jurisdiction in the trial of chancery cases.” The right of appeal is a valuable one; and, if the cause sounds in chancery, the appellate court is without jurisdiction to dismiss it over the objection of the appellant. This was a chancery case. The right of subrogation and priority of liens was the chief question raised by the pleadings, and was the only question in which Taylor and the trust company were interested. By Taylor’s general denial the amount due to the trust company was put in issue; but upon that issue the trial court found in favor of the trust company.
 

 In a unanimous decision of this court,
 
 Hummer
 
 v.
 
 Parsons,
 
 111 Ohio St., 595, 146 N. E., 62, it was held that the question whether an action is one in chancery or at law is determined from the pleadings and the issues made thereby. The first proposition of the syllabus in that case reads: “An action to foreclose a lien upon real estate and to- subject property pledged to the satisfaction thereof, whether such lien is a mortgage or a mechanic’s lien is a chancery proceeding, and is appealable.” The instant case has even more traits of chancery than the case alluded to; for, in addition to foreclosure, it presents the features of priority of liens and subrogation, in the determination of which the two principal parties were chiefly interested. The case presented in the trial court was one in chancery, and was therefore appealable to the Court of Appeals.
 

 As disclosed in the foregoing statement, the defeated party, the appellant trust company, prosecuted both appeal and error to the appellate court. While the proper method of procedure, respecting
 
 *415
 
 the use of these concurrent remedies, has been indicated by this court in causes decided prior to the adoption of the Constitution of 1912, since that time there seems to have been no adjudication by this court upon that subject. However, we perceive no substantial reason for making any distinction in the procedural use of these remedies, whether employed prior to or after that date.
 
 Cadwell
 
 v.
 
 Cadwell,
 
 93 Ohio St., 23, 112 N. E., 148. These concurrent remedies were fully recognized in the following decided cases.
 
 Hull
 
 v.
 
 Bell Bros. & Co.,
 
 54 Ohio St., 228, 43 N. E., 584;
 
 Willson Improvement Co.
 
 v.
 
 Malone,
 
 78 Ohio St., 232, 85 N. E., 51;
 
 Jenny, Admr.,
 
 v.
 
 Walker,
 
 80 Ohio St., 100, 88 N. E., 123.
 

 As lawyers well know, cases frequently arise where the defeated party is doubtful of the remedy that he should employ; and this is especially true under our new Constitution, where the border line between law and chancery is sometimes vague. When the lawyer is in doubt whether the judicial determination of appealability will be in his favor or otherwise, in order to safeguard his client’s interests, the prudent and commendable practice is to institute both remedies; but he should first prosecute his appeal until the final determination of his right thereto. In this connection we quote from the opinion of Williams, C. J., on page 241 of 54 Ohio State, 43 N. E., 584, 587, in the case of
 
 Hull
 
 v.
 
 Bell Bros. & Co., supra:
 
 “If the appeal be sustained, the proceeding in error avails nothing, for the cause then stands for a retrial of the issues in the appellate court, the judgment appealed from is superseded by that of the appellate court, and the errors occurring on the trial below, if any were committed, become immaterial.”
 

 
 *416
 
 When a case is appealed to the appellate court, the judgment of the trial court is not vacated, but suspended. While many of the early decisions of this court speak of the appeal as “vacating” rather than “suspending” the judgment below, some of them using these terms indiscriminately, the later decisions of this court are in accord with the principle announced in the syllabus and opinion of Chief Justice Swan in
 
 Bassett
 
 v.
 
 Daniels,
 
 10 Ohio St., 617, where it is held that an appeal, when perfected, ‘
 
 ‘
 
 suspends all proceedings upon the judgment appealed from.” See, also,
 
 Jenney, Admr.,
 
 v.
 
 Walker,
 
 80 Ohio St., 100, 88 N. E., 123;
 
 Murray
 
 v.
 
 Mahan,
 
 81 Ohio St., 569, 91 N. E., 1135;
 
 Barnes
 
 v.
 
 Christy,
 
 102 Ohio St., 160, 131 N. E., 352.
 

 The syllabi in the foregoing cases, holding that an appeal suspends but does not vacate the judgment, are in accord with the provisions of Section 12234, General Code, which provides: “Except as to an injunction a judgment shall be suspended whenever an appeal therefrom is perfected.” Manifestly this is the better view; for, were we to construe the appeal as vacating or annulling the judgment below, the concurrent remedies of error and appeal could not be employed; for, if the appeal vacated the judgment, error would not lie, since no judgment would then exist upon which to base an error proceeding. When both appeal and error have been prosecuted concurrently to the Court of Appeals by the defeated appellant, if properly and legally appealed, the appealed cause is then in the appellate court to be heard
 
 de novo;
 
 and, if its appealability is challenged by motion to dismiss, it becomes the duty of the appellate court to determine whether the case is a
 
 *417
 
 chancery case, and therefore appealable, and, if the appeal is sustained, to hear the cause anew. While the record in this case is not explicit, it is indicated by the journal entry, and the fact is so claimed by counsel for the appellant, that the Court of Appeals, after proceeding in its determination of the error case and affirming it, thereupon dismissed the appeal at the cost of the appellant. In doing so in this case, the appellate court erred, for its first duty was to determine the appealability of the case; and, if determined against him by the dismissal of the appeal, the appellant had the right to prosecute error to the Supreme Court from the judgment of dismissal, and in the meantime his error case should be held in abeyance and lie upon the appellate docket until the right of appeal be finally determined by the Supreme Court, or until the statute of limitations for prosecuting error from the judgment of dismissal has expired.
 

 Counsel for the appellant claim that in the situation presented, being required to elect between the two proceedings, the court proceeded to hear the error proceeding and then dismissed the appeal. While the motion to dismiss the appeal is pending, and remains undecided, it is manifestly unfair to the appellant to compel him to elect whether he will try his case on error or. appeal, for such a course would give undue advantage to his opponent should the right of appeal be later denied. If before trial in the appellate court the appellee fails to challenge its jurisdiction to hear the appeal, by motion to dismiss, or if such motion, having been filed, is withdrawn, and if in either event the appealed case is thereafter heard, the appellee cannot thereafter
 
 *418
 
 challenge the appealability of the case; he will not be permitted to gamble upon the final issue of the appeal in the appellate court; and, if the decree therein be unfavorable to him, he will not be allowed thereafter to challenge the chancery character of the case.
 
 Drake
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534;
 
 Cadwell
 
 v.
 
 Cadwell,
 
 93 Ohio St., 23, 112 N. E., 148;
 
 Barner
 
 v.
 
 Barner,
 
 93 Ohio St., 477, 113 N. E., 1069. Where no such motion to dismiss has been filed, or if filed is withdrawn, the Court of Appeals will hear the appealed cause, unless the appellant dismisses his appeal or elects to hear his error proceeding. If the appealability be not challenged by motion to dismiss, or if such motion be overruled and the appeal sustained, and the appellant then elects to hear his error case, he cannot thereafter be heard in his appeal case, since' he, as in the case of the appellee, will not be permitted to gamble upon the final issue in the error case should that be decided against him. Permitting two reviews of the same judgment is not consistent with the spirit and purpose of our Constitution.
 

 Many of our Courts of Appeals in this state, pursuant to the adoption of a rule governing those courts, require that appealed cases shall be tried upon a transcript of the evidence in the trial court, supplemented by . such additional oral evidence as the parties may present. No doubt, if counsel and court can agree, this practice is commendable, since it conserves the time of the court, and the interests of the litigants as well, by making the cost of the trial less expensive. However, in the plenary grant found in the constitutional provisions heretofore referred to, the parties in the trial of chancery cases have a right to have their case heard before the court
 
 de novo
 
 and to submit their evidence under the same
 
 *419
 
 legal rules applicable in the trial courts.
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 Village of Hartford,
 
 101 Ohio St., 520, 130 N. E., 942;
 
 Kiriakis
 
 v.
 
 Fountas,
 
 109 Ohio St., 553, 143 N. E., 129. There are many reasons why an appellant might desire his case presented and heard
 
 de novo.
 
 He may want to procure additional testimony, as was done in tMs case, by the filing of depositions in the appellate court. He may desire to file amended pleadings or to make new parties in the appealed suit or to have a witness testify in the presence of the appellate court, neither of wMch could be done in the submission of his case on error, where the parties are confined to the record made in the trial court, wMch can neither be amended nor supplemented.
 

 Yoluminous authorities have been cited in the briefs of counsel in the error case, No. 22099, concerMng the trust company’s right of equitable subrogation to the two mortgage liens which it paid and satisfied. We do not decide that question at this time; but we will remand case No. 22098 to the Court of Appeals, with instructions to hear the cause on appeal, to hear the issue there presented, and to determine especially the .question of subrogation, which seems to be the cMef question arising in the case. And, since we remand that cause to the appellate court for.hearing, it is the opimon of this court that the error case, No. 22099, should have been dismissed by the Court of Appeals.
 

 Judgment reversed and cause remanded in Case No. 22098.
 

 Cause dismissed in Case No. 22099.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.