EATON *v.* ROBISON ET AL.

(Decided June 7, 1933.)

*Messrs. Corn, Jenkins, Hopkins & Collier* and
*Messrs. Andrews, Edwards & Andrews,* for the
motion.
*Mr. A. R. Johnson, contra.*

MAUCK, J. The plaintiff on December 17, 1930, brought an action on a judgment theretofore recovered by him against Emma Eaton Robison and Dwight Robison to subject the real estate of those parties to the satisfaction of said judgment by bringing in other lienholders, and by selling said real estate, and for reasons recited in the petition asked that a receiver be appointed for the real and personal property of the defendants, and a receiver was appointed forthwith. Thereafter cross-petitions were filed by other lienholders, including the Ohio-Pennsylvania Joint Stock Land Bank, which on February 18, 1931, by cross-petition set up a mortgage lien on the property. The real estate, consisting of farms and orchards, was being operated by the receiver when this cross-petition was filed. Later this mortgage was sold to the Union Joint Stock Land Bank of Detroit, and this company was substituted for the Ohio-Pennsylvania Bank as a cross-petitioner. On June 1, 1931, a personal judgment was entered on this cross-petition against Emma Eaton Robison and Dwight Robison for $15,072.50, in favor of the Joint Stock Bank, and a finding was made that the bank's claim was a first lien upon the real estate set up in its mortgage.

On October 27, 1932, on a hearing on the petition and the Joint Stock Bank's cross-petition, an order of foreclosure was entered on the mortgaged real property described in the Joint Stock Bank mortgage, and an order of sale to the sheriff was directed. Thereafter this order was changed by directing that the sale be made by the receiver. The sale was made by the receiver and a return was made by him to the Common Pleas Court, showing the sale of the land to the mortgagee bank for $18,350 on February 4, 1933. This sale was not at that time confirmed, nor does any effort seem to have been made at that time to confirm the sale or to distribute the proceeds.

On March 9, 1933, the receiver filed his second re-

port showing receipts amounting to $23,468.25, disbursements amounting to $26,875.22, bills receivable totaling $227.67, bills payable totaling $5,426.99, and some assets not yet realized upon. To this report the Joint Stock Bank filed objections and exceptions so far as said report would impair the first lien it had on the real estate by permitting the receivership indebtedness to be paid out of the proceeds of the sale in priority to the mortgage. On March 17, 1933, the court overruled the objections and exceptions of the Joint Stock Bank and made allowance to the receiver and his attorneys. The court then confirmed the receiver's sale of the real estate, and, coming to distribute the proceeds, ordered paid the taxes, costs, money borrowed by the receiver from a bank, receiver's and attorneys' fees, and all other indebtedness owing by the receiver, as shown by his report, and the balance to the Joint Stock Bank on its mortgage. From this order the Joint Stock Bank undertook to appeal to this court, and a motion is lodged to dismiss the appeal on the ground that the case is not appealable.

The appeal bond was filed on March 24. On March 30 an additional entry was made in the Common Pleas Court, but as the appeal was already accomplished, if it could be accomplished, the subsequent entry was without effect so far as the present proceeding goes. Whether that entry is effective for other purposes in case this appeal fails need not now be determined.

The appealability of a case is determined by the pleadings. If the pleadings show the case to be one in chancery, the same is appealable. In this case the petition sought to reach and sell equitable and other real interests not accessible to execution. The Joint Stock Bank sought foreclosure. Both proceedings were equitable in character and the case was accordingly one in chancery (*Hummer* v. *Parsons*, 111 Ohio St., 595, 146 N. E., 62; *Union Trust Co.* v. *Lessovitz*, 122 Ohio St., 406, 171 N. E., 849), regardless of the fact

that a receivership was involved, which fact had nothing to do with the appealability of the case; receiverships being common to both law and chancery cases. The order from which appeal is here undertaken is one of confirmation of sale under foreclosure decree and distribution of the proceeds of such sale. The question before us is whether an appeal may be taken from that sort of order.

The pertinent constitutional provision, Article IV, Section 6, is that this court has "appellate jurisdiction in the trial of chancery cases", without in definite terms prescribing what judgment or order of the trial court may support an appeal. As the appealability of a case depends upon the pleadings, and the issues made by them, *Hummer* v. *Parsons, supra,* it is clear enough that a final judgment made upon the issue joined by the pleadings is appealable, and that somewhere in the case a right to appeal exists. That this order of distribution was a final order must be admitted, and that final orders may be the predicate of proceedings in error has been settled. *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 135 N. E., 620; *Forest City Investment Co.* v. *Haas,* 110 Ohio St., 188, 143 N. E., 549. In the latter case the court was dealing with an order for the appointment of a receiver, and under the liberal interpretation given to the term "judgment" in the *Chandler case* it was determined that the appointment of the receiver was a judgment from which error could be prosecuted. The court, though, had to determine whether the "judgment" appointing the receiver could be appealed from. It decided that as the appointment was merely ancillary to the case in which the appointment was made, it was not the case itself, and therefore could not support an appeal. In arriving at this conclusion the court was impressed by the fact that the procedure prior to the constitutional amendment of 1912 did not permit an appeal from any subordinate

order in a case, and that there was nothing in the new constitutional provision to indicate a purpose of changing this old rule of procedure.

Among the cases cited to sustain the view that an appeal could be taken from a subordinate order under the old procedure is *Evans* v. *Dunn & Witt*, 26 Ohio St., 439. That case, however, rather supports the opposing view, if it supports either. That was a case of equitable action for the winding up of a partnership, in which it was held that the right of appeal arose upon the approval of a master's report finding what the rights of the parties were, and that an appeal could not be taken after sale from an order overruling a motion to open up the decree made on confirmation of the master's report.

*Casey* v. *Gaffney*, 22 Ohio App., 73, 153 N. E., 232, is in point, as well as the apparent holding in *Gardiner* v. *Railroad Co.*, 65 Ohio St., 608, 63 N. E., 1128. *Casey* v. *Gaffney, supra*, however, is an echo from *Thompson* v. *Denton*, 95 Ohio St., 333, 116 N. E., 452, from which latter opinion is derived all that is known of *Gardiner* v. *Railroad Co., supra*. *Thompson* v. *Denton, supra*, was expressly overruled in *Forest City Investment Co.* v. *Haas*, 110 Ohio St., 188, 143 N. E., 549, *supra*, so that none of these opinions is now authoritative.

In *Reeves* v. *Skenett*, 13 Ohio St., 574, it was determined that appeal did not lie from an order confirming a judicial sale. This is such an order. To be sure this order also embraces an order of distribution of the proceeds, but so do most orders of confirmation. We recognize that there is a difference between an interlocutory order appointing a receiver, which was the situation before the court in *Forest City Investment Co.* v. *Haas, supra*, and an order of confirmation and distribution of the proceeds of a judicial sale made through a receiver. It appears to us, however, that in the latter case there is evident the purpose of the Supreme Court to permit an appeal to be taken at but

one point in a case, and that point is where a decree is entered fixing the rights of the parties on the issues joined in the pleadings, and that other orders, though perhaps of even greater consequence to the parties, when made either prior to or subsequent to such decree, may be reviewed only by error. The particular point where the issues in the present case culminated in a decree from which an appeal could be taken under this view was when the rights of the parties under the pleadings were finally determined, and that was on October 27, 1932, when foreclosure was decreed. Suppose that the court had determined at that time that the bank had no lien on the property, or had found that the lien was junior to another, could there be any doubt that the cross-petitioner could have thereupon appealed? Manifestly not, for the issues raised by the pleadings would thereby have been concluded. The purpose of the Constitution is to give one trial and one review in all cases. If an appeal could be taken from the judgment awarding or denying foreclosure, and fixing priority of liens, and another appeal taken from the order of confirmation, and as many appeals taken as there were ancillary or subordinate questions tried, there would result in chancery cases, not an appeal, but many successive appeals. Jurisdiction of this kind is not conferred upon this court.

The motion to dismiss the appeal is sustained.

The judgment of this court in this respect seems to be in conflict with that of the Court of Appeals of the First Appellate District in *Casey* v. *Gaffney, supra,* thus entitling the Joint Stock Land Bank to a certificate of conflict, if one is desired.

*Appeal dismissed.*

BLOSSER, P. J., and MIDDLETON, J., concur.