IN MATTER OF AMERICAN SURETY CO. OF NEW YORK ET AL.

(Decided March 21, 1939.)

*Messrs. Garfield, Cross, Daoust, Baldwin & Vrooman, Mr. Vernon R. Burt* and *Mr. George P. Gongwer,* for appellees, American Surety Company of New York and The New York Casualty Company.

*Mr. Fred D. Schell* and *Mr. Lloyd A. Straits,* for appellant, Harvey O. Faber, treasurer.

SHERICK, P. J. This is an appeal to this court on a statutory proceeding which had its origin before the Ashland county board of commissioners, wherein applications were filed by appellees, under favor of Sections 12195 and 12196, General Code, which had for their purpose the procuring of an order for the release of the surety companies from the treasurer's bond.

In conformity to the provision of the first section, the sureties served written notice of the time and place of hearing upon the treasurer. The board of commissioners, on December 30, 1938, the interested parties being present and represented by counsel, proceeded to and did in part hear the applications. Thereupon the matter was continued until January 5, 1939, when the hearing was completed. Two separate transcripts or records of these hearings were made, of which we will hereinafter have more to say.

The board of commissioners thereafter denied the appellees' applications. From this order appellees appealed on questions of law and fact to the Court of Common Pleas. The proceeding had in that tribunal is indeed anomalous and unique. It was then and is now urged that the board of county commissioners abused its discretion and that its judgment was contrary to law, despite the fact that the appeal was upon law and fact, and the matter was seemingly heard in that court *de novo.*

The Common Pleas Court determined that the board of county commissioners had erred and not only reversed its finding but also entered judgment for appellees. From this judgment, the treasurer now appeals on questions of law. It is claimed that the Common Pleas Court's judgment is not only contrary

to law, but that that court was without jurisdiction to hear the appeal on questions of law and fact.

The record of the proceeding in the Common Pleas Court, without the exhibits offered and received in evidence, presents a meager bill of exceptions. It contains, in chief, practically nothing more than identification of three indictments returned by the grand jury on January 24, 1939, which was after the final hearing by the county board and after it had announced its finding. It need hardly be stated that indictments are not evidence but only the state's pleading in a criminal case. They are not evidence of guilt and do not even counterbalance the presumption of innocence which surrounds anyone accused of crime. The bill of exceptions also has attached thereto Exhibit 7 and attached papers, marked 1, 1A, 2, 2A, 3, 3A, 4 and 5. This or these exhibits are the original papers and journal entries filed in and by the county board. In fact it is the transcript of the papers and docket entries of the county board. There is not one scintilla of evidence of probative value in Exhibit 7 and its satellites. Why they were offered is hardly conceivable.

If the cause was tried in the Common Pleas Court as an appeal on questions of law, the introduction of further evidence, referring of course to these exhibits, was highly improper. All were received under objection. If a review is on questions of law, the record, with but one exception, may never be supplemented by the receiving of additional evidence.

If the appeal, however, was one of law and fact, then the introduction and receipt in evidence of Exhibits 5 and 6, which are the two separate bills of exceptions of the proceeding and evidence taken before the county board at its two separate hearings, was equally erroneous. They were strenuously objected to. In an appeal on questions of law and fact either

party is entitled to a trial *de novo*. Neither party can make his case by the introduction of a record made below or at a former trial when his adversary objects.

In *Dehmer* v. *Campbell,* 124 Ohio St., 634, 180 N. E., 267, it is ruled:

"Litigants in appealed cases [now law and fact] have the right to submit their evidence to the appellate court under the same legal rules applicable to trial courts." See also *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849.

In view of the fact that the judgment of the Court of Common Pleas must be reversed, and the order of the board of county commissioners approved, we are disposed to comment on the contents of the two transcripts of proceedings had before the board of commissioners. These contain evidence of three state examiners who testify as to an incomplete audit of the treasurer's sales tax collection accounts. They testify as to shortages found. No finding was then or has been made as yet by the Tax Commission or the Bureau of Inspection and Supervision of Public Offices. This evidence is not of positive character. Completion of the audit might enhance the amount of shortage or diminish it to the point of disappearance. As this evidence stands, it engenders grave suspicion, but as positive proof of an important fact it is subject to a justifiable charge of deficiency, because a complete audit might and probably will make considerable change in the true fact which this testimony sought to prove. Such reasoning might well have been the motive which prompted the board of commissioners to deny the appellees' applications.

These three witnesses further testify concerning certain oral statements and also a written statement made to them by the treasurer. They are in fact confessions of the crime of embezzlement. A photostatic copy of the written statement was received in evidence.

This evidence and testimony was admitted under objection. Under the rule of best evidence a copy was hardly admissible. But there is a more serious objection to the receipt of this proof. The record discloses that no effort was made to establish the fact that this was proper evidence to be received. It is well understood that the competency of such evidence is dependent upon certain factors, and when its competency is questioned a court must first determine those factors adversely to the confessor before such evidence is admissible. It was admitted without any such inquiry or formality and was therefore improperly and erroneously received in evidence.

The appellees justify their right of appeal on questions of law and fact upon the theory that the commissioners acted in a judicial capacity and not ministerial as claimed by appellant. It is insisted that Section 12223-22, General Code and Section 2461, General Code, formerly Section 896, Revised Statutes, so prescribe. The first section simply asserts that appeals on law and fact may be taken "from any court, tribunal, commission, or officer to any court of record as may be provided by law." The last six words thereof clearly indicate that some other law must first authorize an appeal. Does Section 2461, General Code, do so in this instance? The section begins "a person aggrieved by the decision of the county commissioners in any case, may appeal * * *." The appeal then recognized was of course what is now known as appeal on law and fact as distinguished from appeal on law or old proceedings in error. The strict letter of the statute would so indicate. However, Section 2461, General Code, supplants Section 896, Revised Statutes, which over a course of many years has been interpreted and limited in its application. Turning to *Kendig* v. *Commrs.*, 82 Ohio St., 315, 92 N. E., 469, which seems to be that court's last consideration of the

section, we find its prior considerations thereof reviewed. At page 320, it is said:

"This section * * * is a part of Chapter 1, Title VIII, which prescribes the powers and duties of county commissioners. Among the powers conferred and duties devolved are the making and enforcing various contracts with relation to county affairs, allowance of claims against the county, etc."

We quote further from the same page:

"The section was under consideration again in *Bowersox et al.* v. *Watson et al.*, 20 Ohio St., 496, and the principle there held is, that under its provisions, 'appeals are allowed from the decisions of boards of county commissioners made only in cases founded upon claims and demands against the county in its *quasi* corporate capacity.' ".

Although it is not said in the *Kendig case* that this is the extent of the applicability of Section 2461, General Code, it may, however, be inferentially understood that such is so, provided, of course, that fraud, abuse of discretion or violation of law does not enter in; matters which would warrant a court's intervention.

We note that Sections 12195 and 12196, General Code, are of more recent origin. The sections were then and are now found under the title of "Sureties," which is a chapter of the code independent of the chapter defining powers and duties of commissioners. Section 12196 provides that the board *"shall"* hear such applications, "and if in their opinion there is good reason therefor, require such officer to give a new bond." (Italics ours.) It is noted that the matter of hearing the application is mandatory but its subsequent action is discretionary. We further note the section does not state that the surety shall or may be released.

Just what is the duty that the board of commissioners was called upon to perform? Clearly it was

not the settlement of an adversary matter between the sureties and the treasurer, but rather to determine whether the treasurer should be required to give a new bond. The prime purpose of the two statutes was not to create a court empowered to dispossess an elected public servant of his office, which would follow if he were unable to give a new bond. Neither was it intended to create a court to try an officer for the crime of embezzlement. It must not be lost sight of that the first duty of the board in such case is the protection of public funds and not the convenience and desire of a surety to be released from his contract of indemnity which must always be a secondary matter, automatically following the requiring of a new bond.

Is the controversy necessarily adversary because the appealing parties attempted to make it such? We think not. To our notion the board of commissioners could have made independent inquiry with perfect propriety as to what was best to be done in the matter. It is therefore our judgment that its inquiry was not of judicial character but purely administrative in the exercise of a power and duty conferred upon the board of commissioners and not upon the courts. So long as the board acts honestly in the exercise of its discretion, and in conformity to law, courts do not possess visitorial power over it, or a right to substitute their judgment for its discretion in a matter which the law places within its exclusive control. We therefore conclude that the matter was not appealable.

Appellees argue the appealability of their cause to the Court of Common Pleas in the alternative. They say that if the matter is not appealable on law and fact, that it is so on questions of law because of the provision of Section 12223-23, General Code. If such be true then it might be argued that the matter should be remanded to the Common Pleas Court for rehearing.

This section on its face is equally as broad in its aspect as is Section 2461, General Code, except that it incorporates the phrase "exercising judicial functions." Holding as we do, that the board was not acting in a judicial capacity, the section cannot apply so as to allow appeals on questions of law from administrative findings, where appeals on law and fact are not and should not be countenanced. The Appellate Procedure Act repeals many old sections, but not Section 2461. When the scriveners of the act wrote and the Legislature enacted the new rules of procedure, they knew or are presumed to have known of its existence and its limitation in *Bowersox* v. *Watson*, 20 Ohio St., 496. Even if the quoted words, "exercising judicial functions," did not appear in Section 12223-23, General Code, we would be disposed to construe it as was done in Section 2461, General Code, and its predecessor section of the Revised Statutes, for the same reason that courts should not be allowed to supervise administrative bodies in non-judicial matters when they act honestly and fairly and in accordance with the law.

It must be understood that anything herein said is intended in no way to be directory or considered as a matter of precedent in the trial of any subsequent criminal action.

The judgment of the Common Pleas Court is reversed and the conclusion of the board of commissioners is undisturbed.

*Judgment reversed.*

LEMERT and MONTGOMERY, JJ., concur.