Weygandt, C. J.
 

 The first question requiring consideration is whether the Court of Appeals entered final orders when it overruled the motions to dismiss the appeals and retained the causes for review on questions of law.
 

 Section 12223-2, General Code, reads in part as follows :
 

 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment * * * is a final order which may be reviewed, affirmed, modified or reversed * *
 

 Did the orders of the Court of Appeals in effect determine the actions and prevent judgments ? That the answer must be in the negative is apparent when it is observed that the Court of Appeals did nothing to determine the actions or to prevent judgments upon the merits of the controversies. On the contrary, the questions relating thereto were expressly reserved for future consideration. Thus it is possible that the appellants may ultimately prevail in that court.
 

 In the case of
 
 Thatcher
 
 v.
 
 Watson,
 
 51 Ohio St., 561, this court held that the overruling of a motion to dismiss an appeal is not a final order. Fifteen years later in the case of
 
 Home Building & Realty Co.
 
 v.
 
 Blasberg,
 
 81 Ohio St., 482, 91 N. E., 1131, the court adhered to
 
 *390
 
 the earlier pronouncement. More recently in the case of
 
 Leashley
 
 v.
 
 Rezac,
 
 132 Ohio St., 304, 7 N. E. (2d), 229, the court restated the rule in holding that “the overruling of the motion to dismiss the appeal * # * is not a final order or judgment from which appeal may be prosecuted.”
 

 Therefore, in view of the present posture of the instant cases, the only course open to this court is to remand them to the Court of Appeals for further consideration and final determination.
 

 Gases remanded.
 

 Day, Zimmerman, Turner, Williams, Matthias and Hart, JJ., concur.