Hart, J.,
concurring. I concur in the majority opinion but wish to make a statement in regard to the subject matter of the dissenting opinion.
Section 2, Article IV of the Ohio Constitution, provides that the Supreme Court, in certain specified cases, may “direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals.”
But this court has, on several occasions, held that the term, “judgment,” as used in the Constitution is broad enough to comprehend “all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of the parties affected *313 thereby.” See Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, 135 N. E., 620: Union Trust Co. v. Lessovitz, 122 Ohio St., 406, 171 N. E., 849; Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. (2d), 221; and Schindler v. Standard Oil Co., 162 Ohio St., 96, 120 N. E. (2d), 590.
The statute provides that in proper cases there may be appeals on questions of law or, in chancery cases, appeals on questions of law and fact. On frequent occasions this court has held that the overruling of a motion to dismiss an appeal on questions of law and fact is not a final order within the purview of Section 12223-2, General Code, because the questions raised by the appeal are reserved for future consideration. Thatcher v. Watson, 51 Ohio St., 561; Home Building & Realty Co. v. Blasberg, 81 Ohio St., 482, 91 N. E., 1131; Leashley v. Rezac, 132 Ohio St., 304, 7 N. E. (2d), 229; Knollwood Cemetery Co. v. Cuyahoga County, 137 Ohio St., 388, 30 N. E. (2d), 687.
On the other hand, in my opinion, the dismissal of an appeal on questions óf law and fact is a dismissal of appellant’s action as a chancery action, is a final determination of the rights of the parties in that respect, and, therefore, is a final appealable order. The order that the cause be retained for the determination of questions of law only does not save the appellant’s rights in what he claims is a chancery action, not even for review on that subject. His chancery action, if he has one, is completely cancelled out. The action may, in its origin, be a single action, but on appeal in a chancery case the appellant is given a right to take either one of two distinct types of appeal, and, if he is denied one of those appeals, that denial is a final order. His deemed right is not absorbed in the remaining type of appeal. The two appeals are separate concurrent remedies. See Hull v. Bell Bros. & Co., 54 Ohio St., 228, 43 N. E., 584; Willson Improvement Co. *314 v. Malone, 78 Ohio St., 232, 85 N. E., 51; Jenny, Admr., v. Walker, 80 Ohio St., 100, 88 N. E., 123; and Onion Trust Co. v. Lessovitz, supra.
This court in the case of Schottenstein v. Newburger, 148 Ohio St., 71, 72 N. E. (2d), 903, clearly recognized the fact that the dismissal of an appeal on questions of law and fact is a final order from which a separate appeal to this court may be taken. In that case this court reversed the judgment of the Court of Appeals for dismissing the appeal on questions of law and fact and remanded the cause to that court for a trial de novo. The disposition of the appeal to the Court of Appeals on questions of law was not before this court. This court, by its adoption of Rule XXIV, has also clearly recognized that a dismissal of an appeal on questions of law and fact is an appealable final order.
If an appeal on questions of law and fact is dismissed by the Court of Appeals, such dismissal, in my view, is a final order from which an appeal must be prosecuted to this court if the appellant desires to contest the order of dismissal. Moreover, if the Court of Appeals dismisses the appeal on questions of law and fact, and an appeal is taken to this court from that order of dismissal, for obvious reasons it should be disposed of by this court before the appeal on questions of law is disposed of by the Court of Appeals.
On this subject, Judge Jones in the case of Union Trust Co. v. Lessovitz, supra, 415, said:
“As lawyers well know, cases frequently arise where the defeated party is doubtful of the remedy that he should employ; and this is especially true under our new Constitution, where the border line between law and chancery is sometimes vague. When the lawyer is in doubt whether the judicial determination of appealability will be in his favor or otherwise, in order to safeguard his client’s interests, the prudent and commendable practice is to institute both remedies; *315 but he should first prosecute his appeal until the final determination of his right thereto. In this connection we quote from the opinion of Williams, C. J., on page 241 of 54 Ohio St., 43 N. E., 584, 587, in the case of Hull v. Bell Bros. & Co., supra: ‘If the appeal be sus^ tained, the proceeding in error avails nothing, for the cause then stands for a retrial of the issues in the appellate court, the judgment appealed from is superseded by that of the appellate court, and the errors occurring on the trial below, if any were committed, become immaterial.’
< ( * # *
‘ ‘ * * * While the record in this case is not explicit, it is indicated by the journal entry, and the fact is so claimed by counsel for the appellant, that the Court of Appeals, after proceeding in its determination of the error case and affirming it, thereupon dismissed the appeal at the cost of the appellant. In doing so in this case, the appellate court erred, for its first duty was to determine the appealability of the ease; and, if determined against him by the dismissal of the appeal, the appellant had the right to prosecute error to the Supreme Court from the judgment of dismissal, and in the meantime his error case should be held in abeyance and lie upon the appellate docket until the right of appeal be finally determined by the Supreme Court, or until the statute of limitations for prosecuting error from the judgment of dismissal has expired. ’ ’
Such practice is followed where, in the course of the trial of a case, a substantial right of a party is denied by order of the court. Such an instance arises where, during the pendency of an action, a motion is sustained dissolving an order of attachment., 2 Ohio Jurisprudence (2d), 625, Section 51. See Section 1911.28, Revised Code.
It has been suggested that the appellant whose appeal on questions of law and fact is dismissed by the *316 Court of Appeals may make that adverse order a ground of error in an appeal on questions of law from the Court of Appeals to this court in case the Court of Appeals fails to sustain his appeal on questions of law. In my view, this suggestion is untenable because the order of dismissal of an appeal on questions of law and fact is in no way connected with the appeal on questions of law and cannot be a ground of error arising out of the affirmance of the judgment of the trial court on the appeal on questions of law.
Before the amendment of the Appellate Procedure Act, effective January 1, 1936, an appellant could take separate appeals to the Court of Appeals, one on questions of law by way of an error proceeding and the other on questions of law and fact, resulting in the appellant having two separate proceedings pending in the Court of Appeals. If the Court of Appeals decided that the case was not a chancery case it dismissed the appeal on questions of law and fact, and that was the end of that one of his two pending proceedings in the Court of Appeals, and the judgment of dismissal clearly represented a “judgment” which was a “final order. ’ ’
There is nothing, so far as I know, in the present procedure act to prevent an appellant from taking the two separate appeals, one on questions of law and the other on questions of law and fact, and thus have two separate proceedings pending in the Court of Appeals. If, however, under the present procedure, the appellant appeals on questions of law and fact alone, and the Court of Appeals dismisses the only appeal before it, even though the statute automatically gives the appellant an appeal on questions of law which he does not seek, I am convinced that the dismissal of his appeal on questions of law and fact is the end of one of his proceedings in the Court of *317 Appeals, and that that judgment of dismissal clearly represents a “judgment” which is a “final order.”